IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MAURICE WALLACE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CIVIL NO. 09-cv-224-DRH |
| ) | |
| **MARVIN POWERS,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Plaintiff, an inmate at the Tamms Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Although the Court is usually obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, No. 08-4286, 2009 WL 2535731, at *5 (7th Cir. Aug. 20, 2009). Furthermore, when dealing with *pro se* complaints filed by prisoners, the Court is not bound, as it usually is, to accept without question the truth of Plaintiff's factual allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Instead, the Court has the "unusual power to pierce the veil of the complaint's factual allegations," *Neitzke* 490 U.S. at 327, and determine whether the facts alleged are irrational or wholly incredible "whether or not there are judicially noticeable facts to rebut them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, No. 06-4260, 2009 WL 2498580, at *2 (7th Cir. Aug. 18, 2009).

**THE AMENDED COMPLAINT**

In October 2006, while confined at the Stateville Correctional Center, Plaintiff was diagnosed with an open foot sore caused by an infected ingrown toenail on the large toe of his right foot. Plaintiff was told that he would be referred to an outside doctor for surgery to remove the source of the ingrown toenail. On December 1, 2006, Plaintiff was prevented from going to his scheduled appointment outside the prison due to a snow storm**.** On December 15, 2006, Plaintiff was transferred from Stateville Correctional Center to Tamms Correctional Center.

From the time he was transferred to Tamms until April 19, 2008, Plaintiff appears to have suffered from an infection of his right large toe due to the ingrown toenail. After his transfer to Tamms, Plaintiff was examined on several different occasions by Defendants Powers, Humble, Hart, and George. During these examinations, it was noted that Plaintiff's toe was tender to the touch and was frequently pus filled. Plaintiff received treatment as a result of these examinations, primarily in the form of cleaning the infection with hydrogen peroxide and the application of topical antiseptics and antibiotics (Betadine-brand antiseptic or bacitracin antibiotic ointment). In addition, Plaintiff was prescribed a "maximum strength oral antibiotic" in March 2007, and tetracycline (also an oral antibiotic) in June 2007. Plaintiff claims, however, that he was not provided any pain medication. On April 19, 2008, Plaintiff underwent surgery to remove the source of the ingrown toenail. After this surgery, Plaintiff was prescribed Keflex, an oral antibiotic, and pain medication. Plaintiff contends, however, that he is allergic to Keflex (and penicillin) and that his civil rights were violated by the Keflex prescription.

This relatively modest set of facts concerning the care and treatment of Plaintiff's infected ingrown toenail serves as a backdrop for a, more complicated set of facts. Specifically, Plaintiff asserts that the infection from his toe spread "into other, more vital, parts of [his] body (e.g. kidneys, lungs, heart valves, and urinary tract)." As evidence that the infection spread to these other places, Plaintiff claims that he suffered pain in his neck, lower back, and kidney area. Plaintiff also suffered from constipation which he attributes to dehydration due to his body attempting to flush the infection out of his system.

In response to these additional complaints, the prison medical staff conducted additional tests. Specifically, on November 29, 2007, Plaintiff had a "urine dipstick" test performed; on

3

January 3, 2008, Plaintiff had a blood sample drawn; on January 16, 2008, both blood and urine testes were performed; and on May 7, 2008, Plaintiff had another urine test performed. It appears the results of these tests failed to confirm that the infection had spread. Anticipating that his medical records and test results do not support his claim that the infection had spread to other parts of his body, Plaintiff contends that there was a conspiracy to falsify his medical records and test results. Plaintiff further asserts that his blood and urine must have been switched with another non-infected person's blood and urine.

Plaintiff states that we was examined by Defendant Powers on January 12, 2009, for an ingrown right large toenail,[1] constipation, blood in his stool, and "coughing brownish-red phlegm." Powers prescribed Plaintiff bacitracin and Metamucil. On March 16, 2009, Plaintiff was examined by Defendant Powers after complaining of "coughing and sneezing bloody phlegm; and . . .recurring painful bouts of constipation." Powers diagnosed Plaintiff's condition as "sinus infected and SR constipation." Plaintiff appears to claim that he was denied adequate medical treatment for these ailments.

In addition to his claims concerning his ingrown toenail and infection, Plaintiff asserts: (1) that Defendants Hosch and Casteel denied his access to the Courts in violation of his First Amendment rights; and  (2) Defendant Caliber is retaliating against him for filing grievances.

**DISCUSSION**

Before proceeding to an analysis of Plaintiff's claims under 28 U.S.C § 1915A the Court notes that the instant complaint appears to be the type of multi-defendant, multi-claim action to

---

[1] It is unclear whether the portion of the right toe that was operated on in May 2008 was the site of this infection.

4

which the principles enunciated by the Seventh Circuit in *George v. Smith*, 507 F.3d 605, 607-08 (7th Cir. 2007), apply. Specifically, *George* directs a district court to "evaluate each claim for the purpose of § 1915(g)." *Id.* at 607. Any claims dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted, results in a "strike" being assessed against Plaintiff. *Id.* at 607-08. Any remaining claims must still be examined to see whether the complaint complies with Rule 20 of the Federal Rules of Civil Procedure. *Id.* at 607.

**A. Ingrown toenail.**

"Deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, "negligence alone, or simple malpractice, is insufficient to state a claim for relief," *Kelly v. McGinnis*, 899 F.2d 612, 616 (7th Cir. 1990), as is the provision of medical treatment other than that preferred by the inmate. *Estelle*, 429 U.S. at 107. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007).

According to the complaint, Plaintiff was examined 34 times between December 2006 and March 2009. Approximately 20 of these examinations involved Plaintiff's infected ingrown toenail. As noted above, Plaintiff received treatment for his ingrown toenail. The treatment consisted mostly of cleaning the infection and the application of topical antibiotics, but also consisted of having Plaintiff take a "maximum strength oral antibiotic" in March 2007, and the oral antibiotic tetracycline In June 2007. The treatment of Plaintiff's ingrown toenail culminated in surgery to remove the source of the infection (i.e., remove of a portion of the nail and/or nail bed). In short, Plaintiff's complaint indicates that he has received frequent medical care for his ingrown toenail. The treatment Plaintiff initially received - cleaning the site of infection and the application of topical antiseptics - is typical for an ingrown toenail[2]. Ultimately, Plaintiff had surgery to prevent a recurrence of the ingrown toenail and, hence, the infection.

Although Plaintiff appears to claim that the prolonged course of treatment for his toenail caused the infection to spread to other parts of his body, this assertion is wholly unsupported. As such, Plaintiff's complaint fails to indicate that the Defendants were deliberately indifferent to his ingrown toe nail. At best, Plaintiff's complaint asserts a mere disagreement with the Defendant Powers over his treatment - especially the need for pain medications to be prescribed - but such a disagreement does not rise to the level of a constitutional violation.

With regard to being prescribed Keflex, an antibiotic that Plaintiff claims he is allergic to,

---

[2]A medical degree is not necessary to understand the common knowledge (or common sense) involved in treating common ailments. For example, seasonal flu is treated with rest, fluids, and fever reducers; a sprained ankle is treated with rest, ice, compression, and elevation; and an ingrown hair is treated with a warm compress and a sterile tweezer. The treatment for an ingrown toenail - even an infected one - falls into the category of common knowledge.

Plaintiff's complaint suggests only negligence by Dr. Shah in prescribing Keflex to Plaintiff. The Court notes that the complaint fails to allege any facts suggesting that Plaintiff took the Keflex and there is no indication that Plaintiff suffered any harm from the incident.

### B. Infection of other parts of the body.

Plaintiff's claim that he was denied adequate medical care when his toe infection allegedly spread to other parts of his body must be dismissed as well. Plaintiff was examined on four separate occasions concerning his complaints of back, neck, and kidney pain which Plaintiff attributes to this supposed infection. During these examinations, Plaintiff's blood and/or urine was tested to determine whether the infection had spread. None of the tests performed indicated the presence of an infection in any other part of Plaintiff's body.

To explain this result, Plaintiff posits that his blood and urine samples "were illegally switched with samples from a non-infected person by unknown IDOC-Tamms medical personnel, in an effort to shield defendant Powers from possible civil liability/criminal charges." This allegation, however, is both irrational and wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). This is simply the type of allegation the Court is all too familiar with when an inmate lacks any evidence in support of his fact assertions. Therefore, Plaintiff's claim should be dismissed pursuant to 28 U.S.C. § 1915A.

### C. Access to the courts.

Plaintiff's claim that Defendants Hosch and Casteel denied his access to the Courts in violation of his First Amendment rights should be dismissed. The gravamen of this claim is that Tamms does not have a complete set of legal books to allow Plaintiff to adequately research a state law medical malpractice claim against Defendant Powers.

While prisoners have a fundamental right of meaningful access to the courts, *Bounds v. Smith*, 430 U.S. 817 (1977), an inmate has no constitutional claim unless he can demonstrate that a non-frivolous legal claim has been frustrated or impeded. *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996). Furthermore, the actual injury requirement is not satisfied by injury to any legal claim, but the frustrated or impeded claim must challenge Plaintiff's conviction, his sentence, or be a constitutional challenge to the conditions of his confinement under 42 U.S.C. § 1983. *Id.* at 354-55. Plaintiff's complaint fails to indicate that he suffered actual injury to a claim concerning his conviction, sentence, or a civil rights claim under § 1983. Therefore, Plaintiff's access to courts claim should be dismissed.

**D. Retaliation**.

Plaintiff alleges that Defendant Caliber retaliated against for filing grievances by refusing to schedule an appointment with a dentist. Prison official may not retaliate against inmates for exercising their constitutional rights. *See e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). In the instant case, Plaintiff fails to allege any facts indicating what grievances Plaintiff filed that alledgely caused Defendant Caliber to deny Plaintiff a visit with the dentist. Because Plaintiff has not identified the grievances that triggered the retaliation, his complaint fails to state a retaliation claim. As such, Plaintiff's complaint fails to allege a cognizable retaliation claim. *See Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Muick v. Glenayre Electronics*, 280 F.3d 741, 743 (7th Cir. 2002). Dismissal of this claim is without prejudice to Plaintiff filing a new civil action properly alleging a retaliation claim.

### E. Sinus infection and constipation.

As with his claim concerning his ingrown toenail, Plaintiff's claim that he is being denied adequate medical care for "coughing and sneezing bloody phlegm and recurring and painful bouts of constipation" is merely a disagreement with Powers over the treatment Plaintiff received. Accordingly, Plaintiff's claim concerning the sinus infection and constipation is dismissed .

### D<small>II</small>SPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice; except that Plaintiff's retaliation claim against Defendant Caliper is **DISMISSED** without prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions are **DENIED** as moot.

**DATED:** November 17, 2009

/s/ DavidRHerndon
**DISTRICT JUDGE**