IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MAURICE WALLACE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 09-cv-224-DRH** |
| ) | |
| **MARVIN POWERS,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on Plaintiff's motion to alter judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure or, alternatively, to issue a certificate of appealability (Doc. 21); his motion for relief from judgment pursuant to Rule 60(b) (Doc. 22); and his motion for an extension of time to file a notice of appeal (Doc. 23).

On November 19, 2009, the Court issued its Memorandum and Order dismissing Plaintiff's *pro se* civil complaint seeking relief under 42 U.S.C. § 1983. As Plaintiff was a prisoner seeking relief against government officials, the dismissal was made pursuant to 28 U.S.C. § 1915A. Plaintiff certifies that he placed his motion to alter judgment or, alternatively, to issue a certificate of appealability (Doc. 21) into the mail at Tamms Correctional Center (Tamms) on December 1, 2009. The motion was received by this Court on December 3, 2009. Thus, Plaintiff's motion to alter judgment pursuant to Rule 59 of the Federal Rules of Civil

Procedure was timely filed.[1]

Plaintiff further certifies that he placed his motions for relief from judgment (Doc. 22) and his motion for an extension of time to file a notice of appeal (Doc.23) in the mail at Tamms on December 14, 2009. Curiously, both of these motions were received by the Clerk of Court on December 14, 2009. In any event, both motions were timely filed.

### MOTION TO ALTER JUDGMENT PURSUANT TO RULE 59

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993). Upon review of the record, the Court remains persuaded that its ruling dismissing the case pursuant to 28 U.S.C. § 1915 was correct. Therefore, the instant motion to alter judgment pursuant to Rule 59 (Doc. 21) is **DENIED**.

### MOTION FOR A CERTIFICATE OF APPEALABILITY

As an alternative to altering the judgment pursuant to Rule 59(e), Plaintiff requests that this Court issue him a "certificate of appealability." Title 28 U.S.C. § 2253(c) provides in pertinent part:

> Unless a circuit justice of judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ---
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State

---

[1] Prior to December 1, 2009, a motion to alter judgment pursuant to Rule 59 had to be filed no later than ten days after entry of the judgment. Effective December 1, 2009, a motion to alter judgment must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). The instant motion is timely under either provision.

>court; or
>(B) the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1).

Plaintiff's civil rights action is neither a proceeding under 28 U.S.C. § 2255, nor is it a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court. Consequently, no certificate of appealability is necessary for Plaintiff to perfect his appeal. Fed.R.App.P. 22(b); 28 U.S.C. § 2253(c). Accordingly, Plaintiff's motion for a certificate of appealability (Doc. 21) is **DENIED** as **MOOT.**

<u>M</u><u>OTION FOR RELIEF FROM JUDGMENT</u>

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." F<small>ED</small>.R.C<small>IV</small>.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b)."). In this case, Plaintiff contends that Court misconstrued the factual allegations of his complaint. Again, after review, the Court believes that it correctly construed and summarized the complaint. In any case, the alleged error is one Plaintiff can pursue on direct appeal. Therefore, Plaintiff's motion for relief from judgment pursuant to Rule 60(b) (Doc. 22) is

3

**DENIED.**

<u>MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL</u>

Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure provides that Plaintiff's notice of appeal must be filed within 30 days of the date judgment is entered. In this case, judgment was entered on November 19, 2009. Consequently, absent other factors, Plaintiff's notice of appeal should have been filed no later than December 21, 2009.[2] Plaintiff, however, has done two things that effect when his notice of appeal must be filed. First, he filed a timely motion to alter judgment pursuant to Rule 59. Second, he filed a timely motion for an extension of time.

When, as here, a timely motion to alter judgment pursuant to Rule 59 is filed, "the time to file an appeal runs for all parties from the entry of the order disposing of . . . such . . . motion." Fed. R. App. P. 4(a)(4)(A)(iv). Therefore, Plaintiff's notice of appeal with regard to the judgment in this case will be timely if he files the notice of appeal within 30 days of the entry of this Order denying his Rule 59 motion.

At this point in time, the longest extension the Court could grant Plaintiff on his motion for extension of time, is 14 days. *See* Fed. R. App. 4(a)(5)(C). As indicated above, however, Plaintiff's notice of appeal with regard to the judgment in this case will be timely filed if he files it within 30 days of the entry of this Order denying his Rule 59(e) motion. Under the belief that Plaintiff would rather have 30 days from the date this Order is entered to file his notice of appeal as provided by Rule 4(a)(4)(A)(iv) of the Federal Rules of Appellate Procedure instead of 14

---

[2]December 19, 2009, 30 days after the judgment was a Saturday and, therefore, Plaintiff would have had until the following Monday to file his notice of appeal. *See* Fed. R. App. P. 26(a)(3).

days from the date of this Order as provided by Rule 4(a)(5)(C) of the Federal Rules of Appellate Procedure, Plaintiff's motion for an extension of time (Doc. 23) is **DENIED** as moot.

    **IT IS SO ORDERED.**

    **DATED:** January 20, 2010

    /s/   DavidRHerndon
    **DISTRICT JUDGE**